**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Eddie Volclane Davis, | |
| Plaintiff, | Civil Action No. 15-2180(RMB) |
| v. | **OPINION** |
| State of New Jersey, Camden County Prosecutor Office, and Hon. Daniel A. Bernadin, | |
| Defendants. | |

**BUMB**, District Judge

On March 27, 2015, the Clerk received Plaintiff's civil rights complaint, and a properly completed application to proceed without prepayment of fees ("IFP application.") (ECF No. 1.) Plaintiff has established his inability to pay the filing fee, and his IFP application will be granted, pursuant to 28 U.S.C. § 1915. Prison officials will begin deducting partial payments from Plaintiff's prison trust account toward the $350.00 filing fee, as described in § 1915(b)(1) and (2), regardless of the outcome of this litigation.

When a prisoner proceeds under § 1915, the Court must screen the Complaint and dismiss any claims that are frivolous

or malicious, that fail to state a claim upon which relief may be granted, and claims for monetary relief against any defendant who has immunity.  28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

Plaintiff alleged the following in his Complaint. Plaintiff is presently confined in Camden County Jail.  (Compl., ¶3.)  The first defendant in the Complaint is the State of New Jersey, and Plaintiff alleged that the State violated his Constitutional rights by not providing him with a speedy trial, and by showing prejudice in his case as of March 25, 2015.  (Id. at 4(b)).

Similarly, Plaintiff alleged the Camden County Prosecutor Office violated his Constitutional rights by "going beyond my grace period to have started trial."  (Id. at ¶4(c)).  Finally, the third defendant is the Honorable Daniel A. Bernadin, whom Plaintiff alleged violated his Constitutional right to a speedy trial by allowing the prosecutor to postpone his trial beyond 180 working days.  (ECF No. 1 at 5.)

Plaintiff's trial was to begin on January 20, 2015, but the prosecutor was granted a postponement to obtain DNA testing from Plaintiff.  (Compl., ¶6.)  On March 23, 2015, the prosecutor asked for and was granted another postponement of trial because they had not received the DNA results.  (Id.) Plaintiff has been incarcerated since February 9, 2014.  (Id.)  For relief, Plaintiff seeks compensatory and punitive damages.  (Id. at ¶7.)

**II.  DISCUSSION**

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI.  "Although the Eleventh Amendment is not literally applicable . . . it is established that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  <u>Employees of Dep't of Public Health and Welfare, Missouri v. Dep't of Public Health and Welfare, Missouri</u>, 93 S.Ct. 1614, 1616 (1973).

The State of New Jersey is immune from Plaintiff's § 1983 suit for money damages.

> The Supreme Court has held that States are not "persons" within the meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights

3

> statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Since Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment. Id. at 58, 109 S.Ct. at 2310; Quern v. Jordan, 440 U.S. 332, 339-346, 99 S.Ct. 1139, 1144-1148, 59 L.Ed.2d 358 (1979).

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996). Therefore, the Court will dismiss Plaintiff's claims against the State of New Jersey.

Although the analysis is different, the Camden County Prosecutor Office also has sovereign immunity from Plaintiff's § 1983 claims. See In re Camden Police Cases, Civil Nos. 11-1315 (RBK/JS), 10-4757 (RBK/JS), 2011 WL 3651318, at *10 (weighing the relevant factors and finding the Camden County Prosecutor Office had sovereign immunity)); Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 833 (3d Cir. 2009)(finding Essex County Prosecutor Office had sovereign immunity from § 1983 claims because New Jersey County Prosecutors are arms of the state when carrying out prosecutorial functions). For this reason, the Court will dismiss Plaintiff's claims against Camden County Prosecutor Office.

The remaining defendant is the state trial court judge presiding over Plaintiff's criminal trial. The Honorable Daniel A. Bernadin has absolute judicial immunity from Plaintiff's claims. See Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 734-35 (1980)("judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.") Granting or denying postponements in a criminal trial is an act normally performed by a judge, thus it is protected by absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 362 (1978)(judges are entitled to absolute immunity when performing a judicial act.)

In addition to the Defendants having immunity, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court in Heck held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

5

If Plaintiff succeeded in establishing that his right to a speedy trial was violated, that would call into question the continued prosecution of the charges against him and any resulting conviction.  Thus, the <u>Heck</u> bar extends to preclude Plaintiff's claims at this time.  <u>Smith v. Holtz</u>, 87 F.3d 108, 113 (3d Cir. 1996)("In terms of the conflicts which <u>Heck</u> sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.") <u>See</u> <u>also</u> <u>Asque v. Commonwealth Allegheny County</u>, Civ. No. 07-294, 2007 WL 1247051, at *4 (E.D. Pa. April 27, 2007)("The <u>Heck</u> bar would apply whether Plaintiff is still a pretrial detainee or whether he has already been convicted of the charges for which he is currently incarcerated").

**III. CONCLUSION**

Plaintiff is entitled to proceed without prepayment of filing fees pursuant to 28 U.S.C. § 1915, but all defendants named in this § 1983 action are immune from suit.  Additionally, Plaintiff's claims are <u>Heck</u>-barred.  Therefore, the Court will enter an Order granting Plaintiff's IFP application but dismissing the Complaint.

                                                              s/Renée Marie Bumb  
                                                              Renée Marie Bumb  
                                                              United States District Judge

Dated: April 14, 2015